UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DR. EHAB SHEHATA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID W. BLACKWELL, *et al.*, <br><br> Defendants. | Civil No. 3:20-cv-00012-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Dr. Ehab Shehata's Motion for Remand. [R. 153.] He asks the Court to return the case to the Franklin County Circuit Court for the State of Kentucky. *Id.* After the Sixth Circuit Court of Appeals held that qualified immunity bars Dr. Shehata's federal claims, only state law claims remain before the Court. [*See* R. 148-1.] Prominent among these, Dr. Shehata asserts breach of contract claims against the University of Kentucky. [R. 1-2 at 33.] The Commonwealth of Kentucky waives its sovereign immunity as to these claims, but it requires plaintiffs to sue in Franklin Circuit Court. Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). For this reason, Dr. Shehata believes that remand is appropriate. [R. 153 at 2.] In opposition, the remaining Defendants ask the Court to exercise its discretion to keep the case in the interest of judicial economy. [R. 154 at 2; R. 156 at 3.] Because the parties have expended significant resources to develop a thorough record before this Court, Dr. Shehata's Motion **[R. 153]** is **DENIED**.

**I**

The University of Kentucky employed Dr. Ehab Shehata as both an oral and maxillofacial surgeon and as a clinical title series assistant professor from 2013 through June of 2020. [R. 71-4 at 1; R. 107 at 3.] After University officials accused him of fraud, UK suspended Dr. Shehata from treating patients at the faculty clinic, which limited his income. [R. 71-4 at 21–23.] Shortly after renewing his contract in 2019, UK fired Dr. Shehata. *Id.* at 29–30. Dr. Shehata sued the University and several officials for violations of due process, First Amendment retaliation, defamation, breach of contract, and violations of Kentucky wage and hour law in Franklin County Circuit Court. [R. 1-2.]

After the case was removed, this Court reviewed cross-motions for summary judgment filed by UK and by Dr. Shehata. [R. 157; R. 162.] Additionally, Dr. Stephanos Kyrkanides, a defendant and former Dean of UK's College of Dentistry, moved for summary judgment as to the claims brought against him. [R. 77-3.] The Court granted and denied in part all three motions. [R. 136; R. 137.]

As to the federal claims, a portion of Dr. Shehata's procedural due process claim survived summary judgment, despite an invocation of qualified immunity by the UK administrators, Dr. Blackwell, Dr. Holloway, and Mr. Thro. [R. 136 at 35–36.] The Court also rejected as a matter of law Dr. Shehata's substantive due process claim and his free speech claims. *Id.* The officials appealed. [R. 148-1 at 6.] The Sixth Circuit affirmed the Court's decision to reject Dr. Shehata's substantive due process and free speech claims. *Id.* at 18. However, because the Sixth Circuit found that the officials did not violate a clearly established law, the Sixth Circuit reversed the Court and held that the officials are entitled to qualified immunity on Dr. Shehata's procedural due process claim. *Id.* at 6. In sum, all of Dr. Shehata's federal claims are no longer viable.

Several of his state claims remain. The Court granted summary judgment against the University of Kentucky on two theories of breach set forth in Dr. Shehata's breach of contract claim. [R. 136 at 36.] UK has asked the Court to reconsider that decision. [R. 157.] A portion of Dr. Shehata's statutory wage and hour claim survived summary judgment motions filed by UK and by Dr. Kyrkanides. [R. 136 at 36; R. 137 at 12.] Finally, Dr. Shehata's defamation claim against Dr. Kyrkanides remains alive as to one statement. [R. 137 at 12.] Dr. Kyrkanides has asked the Court to reconsider its decision to allow these claims to move forward. [R. 162.]

Meanwhile, Dr. Shehata filed the instant motion for remand. [R. 153.] The matter is now fully briefed and ripe for review.

II

All the remaining parties agree that the Court has discretion to either remand or keep this litigation. [R. 153 at 2 (Dr. Shehata); R. 154 at 2 (Dr. Kyrkanides); R. 156 at 3 (Dr. Blackwell and UK).] Only state law claims remain before the Court. The Commonwealth of Kentucky waives its sovereign immunity as to contract claims like these. Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). Accordingly, Dr. Shehata urges the Court to consider the Commonwealth's interest in proceeding in its forum of choice, Franklin Circuit Court. [R. 153 at 2.] Dr. Kyrkanides, Dr. Blackwell, and UK disagree and claim that the interests of judicial economy and fairness tip the scales in favor of remaining in federal court. [R. 156 at 3; R. 154 at 2.] Because the parties have incurred significant expenses to develop this case here, the Court will not remand the matter to Franklin Circuit Court.

In any civil action for which it has original jurisdiction, a federal district court may exercise supplemental jurisdiction over claims that form part of the same case or controversy as the claims within its original jurisdiction under Article III of the United States Constitution. 28

3

U.S.C. § 1367(a).  A claim forms part of the same case or controversy under Article III if it shares a common nucleus of operative facts with a claim that invokes the Court's original jurisdiction.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  But a federal court is not always required to exercise supplemental jurisdiction.  *Id.* at 726.  Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *Id.*

Generally, a court should decline to exercise supplemental jurisdiction "if the federal claims are dismissed before trial . . . ."  *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992).  This rule is not mandatory.  *Taylor*, 973 F.2d at 1287 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  If the court could exercise supplemental jurisdiction when the case was removed to federal court, then subject matter jurisdiction is no longer at issue.  *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).  Rather, the Supreme Court has simply recognized that "when 'all federal claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  *Taylor*, 973 F.2d at 1287 (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7).

In this scenario, a district court must balance competing interests to determine whether to decide a remaining state claim on the merits.  *Id.* (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)).  "[A] judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like."  *Horton v. City of Detroit*, No. 19-13702, 2020 U.S. Dist. LEXIS 113, at *3 (E.D. Mich. Jan. 2, 2020) (quoting *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013)).  The length of time the parties have spent litigating the case before the court, the breadth of discovery compiled into the record, and whether thoroughly briefed motions remain before the court are factors that impact judicial economy.  *See Taylor*, 973 F.2d at 1288.  However, the desire to avoid inefficient litigation must be balanced against "needlessly

4

deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Retention is particularly appropriate where resolution of a state law claim will turn on predicate factual findings that are substantially similar to those involved in the federal claims. *See Aschinger*, 934 F.2d at 1412–13 (both claims turned on breach of a fiduciary duty and the materiality of a fact); *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) (both claims turned on "whether defendants had the intent to interfere with plaintiffs' Job Security Agreement.").

Here, the federal and most of the state court claims depend on a matter of contract interpretation and a finding of breach. For example, Dr. Shehata's breach of contract claim and his state wage and hour claim both involve his eligibility to treat clinic patients through UK's Dental Services Plan. [*See* R. 157 at 5 (in its motion to reconsider, UK argues that Dr. Shehata's employment offer did not create a contractual right to perform clinic duty); R. 162 at 7 (in his motion to reconsider, Dr. Kyrkanides argues that Dr. Shehata's wage claim fails because he was not entitled to the income at issue).] The Court considered a closely related issue during summary judgment. There, Dr. Shehata's procedural due process claim turned, in part, on whether his contract created a property interest in his eligibility to treat clinic patients. [R. 136 at 8.] Part of that evaluation involved the rights created under Dr. Shehata's contract. *Id.* Accordingly, the Court is familiar with the facts needed to make findings on Dr. Shehata's remaining claims.

Moreover, the parties have expended significant resources to develop the record before the Court. As Dr. Kyrkanides points out, this case has been on the Court's docket for over two years, during which time the parties compiled a voluminous record through discovery. [R. 154 at

5

2.] As UK indicates, the Court has invested significant time in reviewing that record to narrow the remaining issues for trial. [R. 156 at 4.]

Against this, Dr. Shehata primarily relies on the Commonwealth of Kentucky's decision to abdicate its sovereign immunity against breach of contract claims only for actions brought in Franklin Circuit Court. [R. 159 at 2]; Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). Dr. Shehata argues that this limitation on venue gives Franklin Circuit judges expertise over state contract claims. [R. 159 at 2.] As UK notes, Dr. Shehata's interest in these judges' expertise neither motivated him to seek severance of his contract claims from his federal claims nor prevented him from asking this Court for summary judgment on his contract claims. [R. 156 at 5.] Significantly, the UK defendants, who are the parties whose liability would affect the Commonwealth, oppose remand. *See id.*

On balance, the judicial economy concerns outweigh any interest in comity. This Court has benefited from extensive work by the parties to develop the remaining claims. And the remaining issues are substantially similar to matters that the Court has already resolved. The Court will exercise its discretion to keep this litigation.

### III

Accordingly, for these reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Ehab Shehata's Motion to Remand **[R. 153]** is **DENIED**.

This the 2nd day of May 2023.

Gregory F. Van Tatenhove
United States District Judge